U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA** JUL 18 PM 2:27
**SAVANNAH DIVISION**

SO. DIST. OF GA.

| | |
|---|---|
| CHARLES DUBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, as Receiver for | ) |
| Washington Mutual Bank, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CASE NO. CV408-129

## O R D E R

Before the Court is Defendant Federal Deposit Insurance
Corporation's, acting as Receiver for Washington Mutual
Bank, Motion to Dismiss for Failure to State a Claim, or in
the alternative, Motion to Dismiss or Transfer for Improper
Venue. (Doc. 43.) Plaintiff Charles Dubee has responded in
opposition. (Doc. 45.) For the following reasons, the
alternative relief sought in Defendant's motion is **GRANTED**
and the Clerk of Court is **DIRECTED** to **TRANSFER** this case to
the United States District Court for the Northern District
of Georgia, Atlanta Division. Because this action is
transferred pursuant to 28 U.S.C. § 1404(a), the Court makes
no ruling on Defendant's Motion to Dismiss for Failure to
State a Claim. Upon transfer, the Clerk of Court is
**DIRECTED** to close this case.

**BACKGROUND**

In March 2007, Plaintiff entered into a contract with Transland Financial Services, Inc., ("Transland") to receive a series of loans to finance Plaintiff's acquisition of undeveloped property and construction of homes on four lots indicated as 81 Waterway Drive, 85 Waterway Drive, 86 Waterway Drive and 87 Waterway Drive, all located in Savannah, Georgia. (Doc. 1, Compl. ¶¶ 4-7.) Sometime around August or September 2007, Transland ceased providing Plaintiff funds under the contract. (Id. at ¶ 9.) At this point, Plaintiff had purchased the undeveloped property, but had yet to complete construction of the residences. (Id. at ¶ 10.) Around October 2007, Washington Mutual Bank ("Washington Mutual") acquired the contract from Transland. (Id. at ¶ 12.) Prior to its acquisition of the contract, Washington Mutual engaged in discussions with Plaintiff regarding a possible loan modification. (Doc. 1, First Am. Compl. ¶¶ 2-3.) However, no modification ever materialized (id. at ¶¶ 3-4) and Washington Mutual never advanced the remaining funds pursuant to the terms of the contract (Doc. 1, Compl. ¶ 12).

On February 19, 2008, Plaintiff filed suit in the Superior Court of Chatham County, Georgia, alleging that Washington Mutual breached the contract and committed various tortious acts. (Doc. 1, Compl.) On June 28, 2008, Plaintiff filed an amended complaint alleging fraud and

2

promissory estoppel, and sought punitive damages and attorney's fees. (Doc. 1, First Am. Compl.) On July 10, 2008, Washington Mutual removed this action to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.) Approximately two months later, Washington Mutual entered into receivership with the Federal Deposit Insurance Corporation, which in turn replaced Washington Mutual as Defendant in this action. (Doc. 43 at 3.) After a brief stay of proceedings in 2009, Defendant subsequently filed this motion seeking dismissal or transfer of the case. (Doc. 43.)

### ANALYSIS

Defendant first asks the Court to dismiss this case for improper venue based on the forum selection clause contained within the parties' contract, pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3). The forum selection clause in question dictates that "venue is stipulated to be in Fulton County, Georgia." (Doc. 43, Ex. A ¶ 20.h.) Section 1406(a) provides that a district court shall dismiss or transfer a case filed in the "wrong" district or division. 28 U.S.C. § 1406(a). However, Defendant appears to have conflated the often confusing—but legally distinct—concepts of venue and forum. Whether venue is proper is a question determined solely by the terms of 28 U.S.C. § 1391, which provides that a civil

3

action may be brought "where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Obviously, the properties at issue in this case wholly exist in the Southern District of Georgia, and even a valid forum selection clause has no bearing on whether venue is proper where the case is filed. Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex., ___ U.S. ___, 134 S. Ct. 568 at 579 (2013). As a result, the Southern District of Georgia is clearly a proper venue for this case and, accordingly, it will not be dismissed pursuant to 28 U.S.C. § 1406(a) or Rule 12(b)(3).

However, simply because venue is proper does not mean that this case can, or should, remain in the Southern District of Georgia. Defendant has sought, in the alternative, a transfer of this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action to another district for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Although the contract does not require that disputes be settled in federal court, this case is already appropriately in federal court pursuant to 28 U.S.C. § 1332

and the language in the forum selection clause allows for federal jurisdiction.  See E & H Steel Contracting, Inc. v. Turner Constr. Co., 2006 WL 1731153, at *2 (M.D. Ala. June 23, 2006) (unpublished) (finding a forum selection clause requiring litigation in "a court in New York County, New York" to include federal courts).  Accordingly, because the contract's clause clearly points to another forum, the Court must determine whether there exists any reason not to enforce the parties' agreement and transfer this case.

Plaintiff argues that, although the forum selection clause may be valid,[1] it should nonetheless not be enforced and the case should remain in the Southern District of Georgia.  (Doc. 43 at 11.)  While Plaintiff is correct in stating that a forum selection clause is not invariably definitive of where a case should be tried, and that other factors may be considered in the interest of efficiency and justice (id.), he does not afford it the proper weight in his analysis.  While they are not absolute, nearly conclusive weight is given to forum selection clauses in

---

[1] Plaintiff makes a brief indication that the forum selection clause should not be enforced because the contract was induced by fraud (Doc. 45 at 13), but fails to allege any facts to support this claim.  In addition, this argument would clearly undermine Plaintiff's attempt to otherwise enforce the contract.  Accordingly, the Court finds this argument without merit.

deciding a 28 U.S.C. § 1404(a) transfer motion.  <u>See</u> <u>In re</u>
<u>Ricoh Corp.</u>, 870 F.2d 570, 573 (11th Cir. 1989) (stating
that "while other factors might 'conceivably' militate
against a transfer . . . the venue mandated by a choice of
forum clause rarely will be outweighed by other 1404(a)
factors.")

Where a valid forum selection clause exists, the Court
will not engage in a traditional evaluation of the § 1404(a)
factors.[2]  Crucially, a district court may only consider
matters of public interest in deciding whether to transfer a
case, as the parties have already waived their right to
challenge the pre-selected forum as inconvenient for
themselves or their witnesses.  <u>Atl. Marine</u>, 134 S. Ct. at
582.  Here, Plaintiff has offered only arguments concerning
the advantages of the Southern District of Georgia as a
forum because of its proximity to witnesses central to the

---

[2] Normal factors used in determining the appropriateness of
transfer where a forum selection clause does not exist
include: "(1) the convenience of the witnesses; (2) the
location of relevant documents and the relative ease of
access to sources of proof; (3) the convenience of the
parties; (4) the locus of operative facts; (5) the
availability of process to compel the attendance of
unwilling witnesses; (6) the relative means of the parties;
(7) a forum's familiarity with the governing law; (8) the
weight accorded a plaintiff's choice of forum; and (9) trial
efficiency and the interest of justice, based on the
totality of the circumstances."  <u>Manuel v. Convergys Corp.</u>,
430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

litigation and the property in question. (Doc. 45 at 11-13.) Because these private interests have no bearing on the Court's analysis, the forum selection clause must be enforced and the case transferred to the appropriate court. The Court agrees with Defendant that the parties' contractual agreement that disputes be resolved in Fulton County, Georgia makes the United States District Court for the Northern District of Georgia, Atlanta Division the most appropriate forum for this matter.

## CONCLUSION

For the foregoing reasons, the alternative relief sought in Defendant's motion is **GRANTED** and the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division. Because this action is transferred pursuant to 28 U.S.C. § 1404(a), the Court makes no ruling on Defendant's Motion to Dismiss for Failure to State a Claim. Upon transfer, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 18th day of July 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7